(No. 4027 ▮▮▮▮▮)

LEO SPELMAN AND C. R. DOTY, PARTNERS, DOING BUSINESS AS SPELMAN AND DOTY, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 18, 1947.*

*Opinion on Rehearing filed December 18, 1947.*

MAX A. WESTON, for claimants.

GEORGE F. BARRETT, Attorney General and C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

DAMRON, J.

This complaint was filed on May 27, 1947 by the above named claimant, seeking to recover the sum of $152.48.

The record consists of the complaint; stipulation, which provides that the report of the Department of Public Works and Buildings, Division of Highways, dated May 29, 1947, shall constitute the record in this case; the report of the Division of Highways, referred to in said stipulation; and waiver of brief and argument on behalf of both claimant and respondent.

The departmental report is in words and figures as follows:

"The above titled complaint arose out of purchases of gasoline, kerosene, grease, automotive parts, and services by the Department of Public Works and Buildings, Division of Highways, from claimants. There were 81 separate items purchased during the period February 25, 1944 and June 26, 1945, inclusive.

Department records show that the purchases were made by Division of Highways employees; that the materials and services were furnished by claimants and used in Division of Highways equipment; that the dates, quantities, unit prices, and totals as alleged are correct; and that said unit prices were customary and usual prices prevailing at the times and places of purchase.

Invoices (sales tickets) were not presented to the Division of Highways for payment until on or about January 21, 1947. On January 23, 1947, claimant was told by letters (claimant's exhibit 1) that invoices dated prior to July 1, 1945 could not be scheduled and paid from current appropriations and that it would be necessary that claimant apply to the Court of Claims for an award.

Appropriations made by the 64th General Assembly were in existence and funds available in them for payment of claimant's invoices, if they had been scheduled for payment before the lapse of said appropriations."

The complaint shows that the first delivery of gasoline products to the respondent, was on February 25, 1944, and thereafter, during that year, there were deliveries made down to and including December 18, 1944 in the sum of $84.64. Commencing January 2, 1945 and down to and including June 26, 1945, there were sold and delivered to the respondent, gasoline and other products in the sum of $67.84.

The 64th General Assembly enacted legislation to create the Court of Claims and to prescribe its powers

and duties and repealed the Court of Claims Law approved June 25, 1917, as amended (Chap. 37, Par. 439, Ill. Rev. Stat. 1945). Section 22 of this Act, which is now in full force and effect, provides as follows:

"Every claim cognizable by the court and not otherwise sooner barred by law, shall be forever barred from prosecution therein unless it is filed with the clerk of the court within two years after it first accrues . . . ."

It is well settled in this State that the power of the Court of Claims to entertain a claim against the State is purely statutory inasmuch as the State is not suable in a court of general jurisdiction and this power can be exercised only in a manner and within the limitations as prescribed by the Statute creating this Court. *Vernon Oil Company* v. *State of Illinois,* No. 4011.

The complaint shows on its face that all goods, wares, and merchandise, with the exception of nine items, for which claim is made herein, accrued to claimant more than two years prior to May 27, 1947, the date of the filing of this complaint, and are therefore barred by the Statute of Limitations. The following items, June 4, 1945, $2.04; June 4, 1945, $3.60; June 4, 1945, $1.50; June 4, 1945, $0.15; June 5, 1945, $1.80; June 18, 1945, $0.90; June 18, 1945, $0.90; June 26, 1945, $1.80; and June 26, 1945, $1.65; making a total of $14.34, were filed in apt time and are allowed.

An award is therefore hereby entered in favor of claimant in the sum of Fourteen Dollars Thirty-Four Cents ($14.34) and its claim for the remaining sum of $138.14 is denied.

## SUPPLEMENTAL OPINION

DAMRON, J.

At the recent September term of this Court, an opinion was rendered in this cause allowing to the claim-

ant the sum of $67.85 and denying claims in the sum of $84.64 for the reason, "The complaint shows on its face that all goods, wares, and merchandise, with the exception of nine items, for which claim is made herein, accrued to claimant more than two years prior to May 27, 1947, the date of the filing of this complaint and are therefore barred by the Statute of Limitations.

On October 16, 1947, the claimant filed a petition for rehearing and directed our attention to the fact that we had overlooked that C. R. Doty, a member of the above co-partnership, was inducted into the Armed Services of the United States in September 1943 and continued in the Armed Services until November 29, 1945.

Section 205 of the Soldiers' and Sailors' Civil Relief Act provides: "The period of military services shall not be included in computing any period now or hereafter to be limited by law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agencies of government by or against any person in military service by or against his heirs, executors, administrators, or assigns, whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of said services . . . . ."

This provision of the Federal Statute must be regarded as written into our own statutes and therefore is a stay on our Statute of Limitations which requires a claimant to file his claim within two years after it first accrued.

That portion of the opinion rendered at the September term which allowed claimants the sum of $67.84 and holding that the remainder of said claim was barred by the Statute of Limitations is hereby vacated.

An award is hereby entered in favor of claimants in the sum of $152.48 for merchandise and supplies sold and delivered to the respondent from February 25, 1944 to June 5, 1945.